## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **FRANK MORRIS CROWLEY,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. CIV-08-357-F** |
| | ) | |
| **JUSTIN JONES, Director,** | ) | |
| | ) | |
| **Respondent.**[1] | ) | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, filed this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Respondent has filed a motion to dismiss the petition [Doc. No. 11] and a brief in support ("Respondent's Brief") [Doc. No. 12], alleging the petition is untimely pursuant to 28 U.S.C. § 2244(d). Petitioner has filed a reply [Doc. No. 15], and thus, the matter is at issue. For the reasons set forth hereafter, it is recommended that Respondent's motion be granted and the petition dismissed as untimely.

---

[1] Petitioner, an Oklahoma prisoner who is incarcerated at the Lawton Correction Facility, a private prison, named Justin Jones and Drew Edmondson, the Attorney General of the State of Oklahoma, in his petition. The Respondent's name was mistakenly changed to David Parker in a previous Report and Recommendation entered April 10, 2008. [Doc. No. 5]. The Oklahoma Department of Corrections ("DOC") bears responsibility for the "custody" and "supervision" of inmates housed in private prisons. *See* Okla. Stat. tit. 57, § 561(A). Therefore, Oklahoma DOC Director Justin Jones, who is the state officer having custody of Petitioner, has been reinstated as the proper respondent. *See* Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts; 28 U.S.C. § 2243.

Background

Petitioner is attempting to challenge his conviction of possession of controlled dangerous substance, for which he was sentenced on December 10, 2004, to a term of fifteen years of imprisonment. Case No. CF-2004-13, District Court of Jackson County.   Petition at 2;[2] *see also* Respondent's Brief, Ex. 1 (Docket in *State v. Crowley*, Case No. CF-2004-13, Jackson County District Court).  Petitioner filed a direct appeal, and the Oklahoma Court of Criminal Appeals ("OCCA") affirmed Petitioner's conviction and sentence on April 5, 2006. Petition, p. 3 (citing OCCA Case No. F-2004-1247).

On December 20, 2006, Petitioner  filed a petition for a writ of habeas corpus in this Court, and Respondent moved to dismiss the petition because it contained both exhausted and unexhausted claims.  Respondent's Brief, Ex. 3 (Docket in *Crowley v. Jones*, Case No. CIV-06-1405-T, Western District of Oklahoma).  Judge Gary M. Purcell entered a Report and Recommendation on March 9, 2007, finding that the petition contained unexhausted claims and recommending that the petition be dismissed without prejudice.  *Id.* [Doc No. 11].[3]  Petitioner did not respond to the Report and Recommendation, and by order dated April 12, 2007, Judge Ralph G. Thompson dismissed the petition without prejudice for

---

[2] The undersigned notes that the petition begins with "Page 2."

[3] The Report and Recommendation also noted that the statute of limitations set forth in 28 U.S.C. § 2244(d)(1) "did not appear to be an obstacle to the filing of another habeas petition by Petitioner following his exhaustion of state court remedies, so long as he diligently seeks state court review of his unexhausted constitutional claims." *Crowley v. Jones*, Case No. CIV-06-1405-T [Doc. No. 11, p. 7].  The Report and Recommendation further advised Petitioner that he had the option of moving to dismiss the unexhausted claims and proceeding only with the exhausted claims challenging his conviction and sentence under which he was in custody.  *Id.*

failure to exhaust available state court remedies.   *Id.* [Doc. No. 12].

On June 7, 2007, Petitioner filed an application for post-conviction relief in the state district court, which was denied on July 27, 2007.  Respondent's Brief, Ex. 1.  By order dated September 6, 2007, the OCCA affirmed the denial of post-conviction relief.  Respondent's Brief, Ex. 4 (Docket in *Crowley v. State*, Case No. PC-2007-867).

In the instant petition, filed at the earliest on March 17, 2008,[4] Petitioner raises four grounds for federal habeas relief.[5]  In Ground One Petitioner alleges that the evidence presented at his trial was insufficient to support his conviction for possession of controlled dangerous substance (cocaine).  Petition, p. 6-6a (stating the State failed to prove beyond a reasonable doubt that the "residue found in the pill bottle, commonly used to store drugs was indeed that left by cocaine or some other substance such as antibiotics . . . known to falsely test positive for cocaine.").  In Ground Two Petitioner alleges that the prosecutor "knowingly used perjured testimony and failed to correct known false testimony" to obtain his conviction.  *Id.*, p. 7. Petitioner alleges in Ground Three that he was denied his Sixth Amendment right to counsel and was compelled to proceed pro se at trial when the trial court refused to dismiss Petitioner's appointed counsel and ordered him to act as standby counsel.

---

[4] The petition reflects a "filed" stamp of April 7, 2008, but the petition is deemed "filed" when Petitioner gave it to prison officials for mailing. *See Fleming v. Evans*, 481 F.3d 1249, 1255 n.2 (10th Cir. 2007).  The undersigned has assumed a filing date of March 17, 2008, the date Petitioner signed the petition.

[5] The current petition is neither second nor successive because the first petition was dismissed without prejudice for failure to exhaust. *See McWilliams v. Colo.*, 121 F.3d 573, 575 (10th Cir. 1997).

*Id.*, pp. 9-9a.   In Ground Four Petitioner alleges that the medical restitution charged to Petitioner for treatment given during his confinement at the county jail "constitutes cruel and unusual punishment in violation of the 8th Amendment U.S.C.A."  *Id.*, p. 11.

## Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which took effect on April 24, 1996, amended 28 U.S.C. § 2244 to provide that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court," running from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).  As a general rule, the period of limitation under this statute runs from the date the judgment became "final" as provided by Section 2244(d)(1)(A) unless a petitioner alleges facts that would implicate the provisions set forth in Section 2244(d)(1)(B),(C), or (D).  *Preston v. Gibson,* 234 F.3d 1118, 1120 (10th Cir. 2000).  In calculating the limitation period for actions under 28 U.S.C. § 2254, federal courts are

required to toll the time a petitioner spent seeking "post-conviction or other collateral review with respect to the pertinent judgment or claim" in state court. *See* 28 U.S.C. § 2244(d)(2); *Hoggro v. Boone*, 150 F.3d 1223, 1226 (10th Cir. 1998). "This 'statutory tolling' is not available, however, during the time period a prior federal habeas proceeding is pending." *York v. Galetka*, 314 F.3d 522, 524 (10th Cir. 2003).

Under § 2244(d)(1)(A), Petitioner's habeas action is untimely.[6]  A conviction in the state courts of Oklahoma becomes final for purposes of § 2244(d)(1)(A) on the date the OCCA affirms the conviction, and the one-year statute of limitations begins to run from the date the Supreme Court has denied review of a petition for writ of certiorari, or if no petition is filed, after the ninety-day period for filing the petition for writ of certiorari has expired. *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001).  As set forth, the OCCA affirmed Petitioner's conviction on April 5, 2006. Petition, p. 3.  Petitioner then had ninety days from that date to file a petition for writ of certiorari in the United States Supreme Court. *See* 28 U.S.C. § 2101(c); Rule 13.1, Rules of the Supreme Court of the United States.  Petitioner did not seek review in the United States Supreme Court. Respondent's Brief, p. 2.  Therefore, for purposes of § 2244(d)(1)(A), Petitioner's conviction became final on July 4, 2006, ninety days after the date the OCCA entered its order affirming the conviction.  The AEDPA's one-year statute of limitations period then started to run the next day, on July 5, 2006, and Petitioner had until July 5, 2007, to file his federal habeas action. *See United States v. Hurst*,

---

[6]Petitioner does not suggest that application of any of the other provisions of 28 U.S.C. § 2244(d)(1) would result in a longer limitation period.

322 F.3d 1256, 1261 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) and holding the AEDPA deadline should be calculated using anniversary date method); *Haws v. Jorgensen*, No. 05-4141, 2007 WL 756430, *2 (10th Cir. Mar. 14, 2007) (unpublished)[7] ("Haws' conviction became final on January 28, 2004, and the one year period of limitations commenced the next day, January 29, 2004.  Therefore, he had up to and including January 29, 2005, in which to file his § 2254 petition.").  Absent statutory or equitable tolling, the instant petition, filed on March 17, 2008, is untimely pursuant to § 2244(d)(1)(A).

The tolling provision in 28 U.S.C. § 2244(d)(2) provides that the one-year limitation period is tolled during the time that a properly filed application for state post-conviction relief is pending.  *See Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000); *see also Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999) (time tolled includes all periods during which a prisoner is attempting through proper use of state court procedures to exhaust state post-conviction remedies).   However, before filing an application for post-conviction relief in the state courts, Petitioner filed a federal habeas petition in this Court on December 20, 2006, which was dismissed on April 12, 2007, for failure to exhaust his state court remedies.  In 2001, the United States Supreme Court decided that "statutory tolling" under § 2244(d)(2) is not available during the time period a prior federal habeas proceeding is pending.  *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding an application for federal habeas review does not statutorily toll the limitations period under § 2244(d)(2)); *see*

---

[7]This unpublished decision and others cited herein are cited as persuasive authority pursuant to Tenth Circuit Rule 32.1.

*also York v. Galetka*, 314 F.3d 522, 524 (10th Cir. 2003).  Thus, Petitioner's first § 2254

habeas application did not toll the one-year period and has no affect on the timeliness of the

instant petition.  *See e.g., Mosley v. Dinwiddie*, No. 07-6245, 2008 WL 598109 (10th Cir.

March 4, 2008) (unpublished) (finding petitioner's second habeas petition filed after a first

petition was dismissed without prejudice was not timely under § 2244(d)).[8]

Because Petitioner's prior federal habeas petition did not toll the one-year period, the

§ 2244(d)(1) "clock" ran unabated from July 5, 2006, until June 7, 2007, when he filed an

application for post-conviction relief in the state district court with 28 days remaining in the

one-year limitation period.  When the OCCA affirmed the denial of post-conviction relief on

September 6, 2007, Petitioner's habeas clock began running again, and the one-year period

expired on or about October 4, 2007.  Thus, even considering the statutory tolling, the instant

petition is untimely.

The Tenth Circuit has held that the limitations period may be subject to equitable

tolling, but only in rare and exceptional circumstances.  *Burger v. Scott*, 317 F. 3d 1133,

1141 (10th Cir. 2003).[9]  One such circumstance may exist when "a constitutional violation

---

[8]Nor does the instant petition relate back to Petitioner's first § 2254 petition. *See Marsh v. Soares*, 223 F.3d 1217, 1219 (10th Cir. 2000) ("'[A] § 2254 petition cannot relate back to a previously filed petition that has been dismissed without prejudice because there is nothing for the current petition to relate back to.'") (quoting *Nyland v. Moore*, 216 F.3d 1264, 1266 (11th Cir. 2000)).

[9]The Supreme Court has not specifically decided whether equitable tolling applies to time limits for filing federal habeas petitions by state prisoners but has assumed arguendo that equitable tolling is available. *See Lawrence v. Florida*, __U.S.__, 127 S.Ct. 1079, 1085 (2007). In *Lawrence*, the Court referred to the standards for equitable tolling articulated in *Pace v. DiGuglielmo*, 544 U.S. 408, 418, (2005): a petitioner must show that he has been pursuing his rights diligently and that

(continued...)

has resulted in the conviction of one who is actually innocent or incompetent." *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (citing *Schlup v. Delo*, 513 U.S. 298, 324-29 (1995)). However, equitable tolling is "only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d at 1220. *See also Clark v. Oklahoma*, 468 F.3d at 714 (equitable tolling does not apply unless a petitioner shows both extraordinary circumstances preventing timeliness and diligent pursuit of his claim). The burden is on a petitioner to demonstrate the circumstances that justify equitable tolling. *Miller*, 141 F.3d at 977.

In the portion of the form petition asking Petitioner to explain the timeliness of his petition, Petitioner states that the March 9, 2007, Report and Recommendation entered in his first federal habeas action recommended that the petition "be dismissed without prejudice to the filing of a new action following Petitioner's exhaustion of his state court remedies." Petition, p. 14 (referring to the Report and Recommendation entered in Case No. CIV-07-1405-T); *see also* Petitioner's Reply, p. 3 ("Any error creating an impediment would lie with the United States District Court dismissing habeas petition without prejudice."). Petitioner fails to demonstrate how the dismissal of his first habeas petition without prejudice created an impediment to the timely filing of this action. In the Report and Recommendation recommending dismissal of his first federal habeas petition for failure to exhaust all claims,

---

[9](...continued)
some extraordinary circumstance prevented him from making a timely filing. *Lawrence*, 127 S.Ct. at 1085.

Plaintiff was advised by Judge Purcell of the one-year limitation period in 28 U.S.C. §
2244(d)(1), and he was further advised that the one-year period "did not appear to be an
obstacle to the filing of another habeas petition" after the exhaustion of state court remedies
"so long as he diligently seeks state court review of his unexhausted constitutional claims."
*Crowley v. Jones*, Case No. CIV-06-1405-T, March 7, 2007, Report and Recommendation,
p. 7.  Petitioner was also advised that he could move to dismiss the unexhausted claims and
proceed only with the claims he had exhausted in the state courts.  *Id.*  However, Petitioner
chose not to proceed with his exhausted habeas claims, and instead he attempted to exhaust
his state court remedies as to the unexhausted federal claims.  Accordingly, the undersigned
finds that Petitioner has not demonstrated that equitable tolling is warranted based on the
dismissal without prejudice of his prior federal habeas action.

Moreover, the record shows that Petitioner did not diligently pursue his federal claims.
*Miller*, 141 F.3d at 978.  "[T]his Circuit has generally declined to apply equitable tolling
when it is facially clear from the timing of the state and federal petitions that the petitioner
did not diligently pursue his federal claims." *Burger*, 317 F.3d at 1141.  The OCCA affirmed
Petitioner's conviction in April 2006, and his conviction became final in July 2006, after the
time to file a petition for certiorari with the United States Supreme Court had passed.  Five
months later Petitioner filed a federal habeas petition containing claims that had not yet been
presented to the state courts to satisfy the exhaustion requirement of 28 U.S.C. §
2254(b)(1)(A).  Notwithstanding this Court's explanation that he must diligently seek state
court review of his unexhausted constitutional claims in order to comply with the limitation

9

period in 28 U.S.C. § 2244(d)(1), *see supra* note 3, Petitioner waited nearly two months after his habeas petition was dismissed before he filed a post-conviction application in the state court, and following the OCCA's September 6, 2007, Order affirming the denial of post-conviction relief, Petitioner delayed the filing of the instant action for another six months. Petitioner has failed to explain his lack of diligence.  Equitable tolling is not justified by a prisoner's pro se status and/or lack of legal knowledge.  *See Marsh*, 223 F.3d at 1220 (equitable tolling is not justified by the prisoner's ignorance of the law). Under these circumstances, the undersigned finds that Petitioner has failed to demonstrate that equitable tolling should apply to this action.

Because Petitioner is not entitled to statutory or equitable tolling, the limitation period for filing this habeas action expired on or about October 4, 2007, and his petition filed on March 17, 2008, is untimely.

## RECOMMENDATION

For these reasons, it is the recommendation of the undersigned Magistrate Judge that Respondent's motion to dismiss [Doc. No. 11] be granted and the petition be dismissed as time-barred pursuant to 28 U.S.C. § 2244(d)(1)(A).  Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by October 14, 2008, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1.  Petitioner is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F. 2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

ENTERED this 24th day of September, 2008.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE